LAW OFFICES OF GREEN & GREEN
PHILIP GREEN (SBN 092389)
Email: phil@iplegal.com
BEVERLY R. GREEN (SBN 92388)
Email: bev@greenandgreen.com
1000 4th Street, Suite 595
San Rafael, CA 94901
Telephone: (415) 457-8300
*Attorneys for Defendant*
 *Alphaville Design, Inc.*

# UNITED STATES DISTRICT COURT FOR THE

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| HERMAN MILLER, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>ALPHAVILLE DESIGN, INC; PERADIGM GALLERY; ALL WORLD FURNITURE INC.; and UNKNOWN CHINA COMPANY,<br><br>Defendants. | Case No.:  CV-08-3437-WHA<br><br>**ANSWER OF ALPHAVILLE DESIGN, INC. TO COMPLAINT;**<br><br>**COUNTERCLAIMS of PLAINTIFF ALPHAVILLE DESIGN, INC.**<br><br>**Judge: Honorable William H. Alsup**<br>**Complaint filed: July 6, 2008**<br>**Trial Date: None set** |

Defendant ALPHAVILLE DESIGN, INC. for itself only, (herein as "Defendant" and "Alphaville"), by its attorneys, in Answer to the Complaint of HERMAN MILLER, INC., Inc., alleges, admits, denies, defends and pleads as follows:

1. Responding to Paragraph 1 of the Complaint, Alphaville alleges that these are mere legal conclusions and statements of law and, based thereon, lacks information or belief as to these allegations and accordingly denies the same.

| | |
|---|---|
| Case No.:  CV-08-3437- WHA | ANSWER OF ALPHAVILLE TO COMPLAINT and COUNTERCLAIMS |

2.          As to the allegations contained in paragraph 2 of the Complaint, Defendant admits that Alphaville has a principal place of business in this District as to ALPHAVILLE, only. Defendant Alphaville lacks information and belief as to the other allegations contained in this paragraph and on that basis denies them.

3.          As to the allegations contained in paragraph 3 of the Complaint, Defendant admits these allegations as to ALPHAVILLE, only.

4.          As to the allegations contained in paragraph 4 of the Complaint, Defendant admits as to ALPHAVILLE, only.

5.          Defendant lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 5 of the Complaint and accordingly denies the same.

6.          As to the allegations contained in paragraph 6 of the Complaint, Defendant admits same.

7.          Defendant lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 7 of the Complaint and accordingly denies the same.

8.          Defendant lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 8 of the Complaint and accordingly denies the same.

9.          Defendant lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 9 of the Complaint and accordingly denies the same.

10.         Defendant lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 10 of the Complaint and accordingly denies the same.

11.         Defendant lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 11 of the Complaint and accordingly denies the same.

12.         Defendant lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 12 of the Complaint and accordingly denies the same.

| Case No.:  CV-08-3437- WHA | ANSWER OF ALPHAVILLE TO COMPLAINT and COUNTERCLAIMS |
| --- | --- |

13.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 13 of the Complaint and accordingly denies the same.

14.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 14 of the Complaint and accordingly denies the same.

15.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 15 of the Complaint and accordingly denies the same.

16.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 16 of the Complaint and accordingly denies the same.

17.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 17 of the Complaint and accordingly denies the same.

18.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 18 of the Complaint and accordingly denies the same.

19.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 19 of the Complaint and accordingly denies the same.

20.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 20 of the Complaint and accordingly denies the same.

21.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 21 of the Complaint and accordingly denies the same.

22.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 22 of the Complaint and accordingly denies the same.

23.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 23 of the Complaint and accordingly denies the same.

24.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 24 of the Complaint and accordingly denies the same.

25.    As to the allegations of Paragraph 25 of the Complaint, Defendant denies the same.

| Case No.:  CV-08-3437- WHA | ANSWER OF ALPHAVILLE TO COMPLAINT and COUNTERCLAIMS |
| --- | --- |

26.     As to the allegations of Paragraph 26 of the Complaint, Defendant denies the same.

27.     As to the allegations of Paragraph 27 of the Complaint, Defendant denies the same.

28.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 28 of the Complaint and accordingly denies the same.

29.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 29 of the Complaint and accordingly denies the same.

30.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 30 of the Complaint and accordingly denies the same.

31.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 31 of the Complaint and accordingly denies the same.

32.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 32 of the Complaint and accordingly denies the same.

33.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 33 of the Complaint and accordingly denies the same.

34.     Defendant Alphaville design, Inc. referentially incorporates herein all the answers and responses of paragraphs 1-33.

35.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 35 of the Complaint and accordingly denies the same.

36.     Defendant admits that Herman Miller's registration for trademark No. 2,716,843, appears on the Principal Register of the Patent and Trademark Office. Defendant alleges that this mark is invalid at statutory and common law and should be cancelled, and denies the remaining allegations of Paragraph 36 of the Complaint.

37.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 37 of the Complaint and accordingly denies the same.

| Case No.:  CV-08-3437- WHA | ANSWER OF ALPHAVILLE TO COMPLAINT and COUNTERCLAIMS |
| --- | --- |

38.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 38 of the Complaint and accordingly denies the same.

39.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 39 of the Complaint and accordingly denies the same.

40.    As to the allegations of Paragraph 40 of the Complaint, Defendant denies the same.

41.    As to the allegations of Paragraph 41 of the Complaint, Defendant denies the same.

42.    As to the allegations of Paragraph 42 of the Complaint, Defendant denies the same.

43.    As to the allegations of Paragraph 43 of the Complaint, Defendant denies the same.

44.    As to the allegations of Paragraph 44 of the Complaint, Defendant denies the same.

45.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations of the first sentence of Paragraph 45 of Complaint and accordingly denies the same. Defendant denies the rest of the allegations of paragraph 45 of the Complaint.

46.    As to the allegations of Paragraph 46 of the Complaint, Defendant denies the same.

47.    As to the allegations of Paragraph 47 of the Complaint, Defendant denies the same.

48.    Defendant Alphaville referentially incorporates herein all the answers and responses of paragraphs 1-47 above.

49.    Defendant admits that Herman Miller's registration for trademark No. 1,187,673, appears on the Principal Register of the Patent and Trademark Office, and alleges that it is invalid and should be cancelled, and denies the remaining allegations of Paragraph 49 of the Complaint.

50.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 50 of the Complaint and accordingly denies the same.

51.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 51 of the Complaint and accordingly denies the same.

| Case No.:  CV-08-3437- WHA | ANSWER OF ALPHAVILLE TO COMPLAINT and COUNTERCLAIMS |
| --- | --- |

52.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 52 of the Complaint and accordingly denies the same.

53.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 53 of the Complaint and accordingly denies the same.

54.     Defendant lacks knowledge or information sufficient to form a belief as to the all as to the allegations of Paragraph 54 of the Complaint, and accordingly denies the same.

55.     Defendant lacks knowledge or information sufficient to form a belief as to the all as to the allegations of Paragraph 55 of the Complaint and accordingly denies the same.

56.     As to the allegations of Paragraph 56 of the Complaint, Defendant denies the same.

57.     As to the allegations of Paragraph 57 of the Complaint, Defendant denies the same.

58.     As to the allegations of Paragraph 58 of the Complaint, Defendant denies the same.

59.     As to the allegations of Paragraph 59 of the Complaint, Defendant denies the same.

60.     As to the allegations of Paragraph 60 of the Complaint, Defendant denies the same.

61.     As to the allegations of Paragraph 61 of the Complaint, Defendant denies the same.

<u>PRAYER FOR RELIEF</u>

Wherefore, Defendant Alphaville Prays that:

A. There should not be any injunction  issued as against Alphaville, and:

1. The Plaintiff take nothing by reason of the Complaint and that the Defendant be awarded their costs of suit, attorney fees,

2. That this Court declare the trademark registrations of Herman Miller, Inc., are invalid, void and of no force and effect such that they are denied to protect any designs of furniture under the Lanham act and at common law.

3. That this Court declares the trademark registrations of Herman Miller, Inc. should be cancelled.

4. That Defendant herein be awarded reasonable attorney fees and costs and

| Case No.:  CV-08-3437- WHA | ANSWER OF ALPHAVILLE TO COMPLAINT and COUNTERCLAIMS |
|---|---|

5.  Such other and further relief as this Court deems just under the circumstances.

## **AFFIRMATIVE DEFENSES**

### FIRST DEFENSE

#### *Failure to State Claims*

The Complaint fails to state claims against Defendant upon which relief can be granted.

### SECOND DEFENSE

#### *Contributory Negligence*

The injuries complained of, if any, were contributed to by the Plaintiff's own negligence.

### THIRD DEFENSE

#### *Laches*

1.  Plaintiff is not entitled to maintain this suit or to assert infringement by reason of laches and acquiescence. It sent a Cease & Desist letter to this Defendant November 17, 2005, and, upon information and belief, was aware of the acts claimed to infringe by Defendant and others.

2.  Herman Miller permits others, under naked or no license, for many years, to make and sell the goods that look like its alleged trade dress lounge chair and ottoman including, but not limited to, Defendant.

3.  It is well known on information and belief, that many manufacturers, importers and sellers other than Herman Miller sell and have sold the alleged trade dress designs as part of the mid 20th Century genre of furniture for many years.

4.  Alphaville relied on the lack of Herman Miller enforcement of the rights here claimed that was well known in the market for furniture.

5.  Herman Miller allowed open use of its alleged trade dress by Alphaville without enforcement for over five (5) years after it became or should have become aware

| Case No.:  CV-08-3437- WHA | ANSWER OF ALPHAVILLE TO COMPLAINT and COUNTERCLAIMS |
|---|---|

thereof and allowed Alphaville to rely on that inaction to make agreements with

suppliers, invest large sums and establish business and good will, in certain 20th

Century genres of furniture.

6. Defendant Alphaville has invested large sums in its business.  Alphaville would lose

goodwill, reputation and other potential damages if Herman Miller, Inc.'s anti -

competitive acts to prevent sales of alleged trade dress designs were to continue.

FOURTH DEFENSE

*Estoppel*

7. Plaintiff is estopped to allege that any acts of the Defendant constitute a violation of

any rights of Plaintiff.

8. Further, to the Third Defense, Herman Miller intentionally, or through culpable

negligence, lead Alphaville  to rely on certain facts in such a way that Alphaville  will

be harmed if Herman Miller is permitted to repudiate or deny those facts.

9. Defendant was not aware of the matter asserted. Plaintiff acted or failed to act with

knowledge. Defendant Alphaville acted in reliance on the Plaintiff's failure to act, and

there would be damage to the Defendant if the estoppel is denied.

10. Those facts include but are not limited to, that Herman Miller permitted many makers

to import, make distribute the alleged furniture designs, or similar designs, for

decades. The alleged styles are in the public domain. Herman Miller allowed creation

and continuance of a market for Plaintiff's alleged trade dress since at least 1951, at a

price point below Herman Miller's market prices.

11. Alphaville became and is familiar with the market and the fact that many others

import these and similar designs to the U.S.A.

12. It is common knowledge in the furniture industry that there are factories in Italy,

China and other places that supply metals, leathers and other parts for the alleged

| Case No.:  CV-08-3437- WHA | ANSWER OF ALPHAVILLE TO COMPLAINT and COUNTERCLAIMS |
|---|---|

trade dress. Defendant Alphaville would suffer damages if it were forced to stop selling its products after it relied on Herman Miller's decades of inaction.

13. Alphaville relied on a market for the alleged furniture designs that was in place, an permitted by Plaintiff's actions and/or inactions, to enter into a market for furniture, to establish customers and suppliers and otherwise to sell 20th Century Generic furniture designs.

### FIFTH DEFENSE

*Invalidity of Functional Trademarks and Trade Dress*

14. Further answering the Complaint herein, Defendant avers that the alleged Trademarks are invalid, cancelable, and void and should be cancelled by the Court.

15. Upon information and belief, U.S. and other Patents from 1951 and other dates of Eames patents have expired and the designs are in the public domain.

16. Under 15 U.S.C.A. § 1115  (b) (8), the mark represented as Registration No. 2,716,843 is primarily functional.

17. The claims of trade dress and trademark made by Herman Miller, Inc. are for designs that are generic and functional which lack secondary meaning. A mere drawing of a functional design cannot become the subject of trade dress in violation of the Lanham Act, the rules and regulations of the United States Patent and Trademark Office and of Federal patent and copyright statutes. This trademark / trade dress is cancellable on this ground even if it may have been registered more than five years ago.

18. On information and belief, however, Defendant allege that Eames had at least one patent on the alleged Herman Miller, Inc. trademarks/ trade dress, Patent No. 2,548,470.

19. The marks and alleged trade dress, though technically deemed to be incontestable, are invalid pursuant to 15 USCA § 1115 (b) (8) and other applicable sections.

| Case No.:  CV-08-3437- WHA | ANSWER OF ALPHAVILLE TO COMPLAINT and COUNTERCLAIMS |
|---|---|

20. In regard to the alleged Principal Register registrations of Herman Miller, Inc. in 2003, Defendants assert all legal and equitable defenses and defects therefore, including those set forth in Lanham Act Section 33(b), which might have been asserted if such mark had not been registered.

21. On information and belief, Mr. Eames had granted patents on some of the designs, all of which have expired. The patents are an admission of the primarily functional nature of the alleged trade dress or trademarks. Such patents are, including, but not limited to, Patent No. 2,548,470 from an original application made May 28, 1942, issued April 10, 1951, and that expired on information and belief, in 1971 at the latest.

22. Herman Miller failed to disclose the patents to the PTO in its application for Registration No. 2,716,843 that would have on information and belief, put the Patent and Trademark Office on inquiry as to the functional nature of the furniture designs.

SIXTH DEFENSE

*Fair Use*

23. The alleged uses by Defendant of names, terms, designs or devices charged to be in violation of the alleged rights of Plaintiff are uses, other than as a mark, of a term or device which is descriptive of certain furniture that are used fairly and in good faith to describe the furniture.

24. Defendant does not use Plaintiff marks and designs, and if any design or mark of Plaintiff is used, it is: (1) fairly used in a descriptive sense to fairly describe certain aspects of Defendant's own products and (2) in good faith since the designs in which Herman Miller asserts rights are functional and in the public domain, based on expired patents and therefore are unprotectible, and/or (3) nominatively fair use.

| Case No.:  CV-08-3437- WHA | ANSWER OF ALPHAVILLE TO COMPLAINT and COUNTERCLAIMS |
|---|---|

25. Defendant Alphaville does not use the alleged trademark "EAMES" as a trademark or otherwise in any of its advertising.

26. The alleged trademark EAMES is a mark of a family name and as such is descriptive, and/or primarily merely a surname.

27. The alleged mark designs were, on information and belief, in common use since in or around 1951 by many manufacturers, and thereafter, and are in the public domain.

28. On information and belief, Herman Miller, Inc. allowed others to make reproductions of the alleged design mark and the designs in which Herman Miller asserts rights and which are functional, and in the public domain, and therefore are unprotectible.

29. Any use of the alleged trade dress design of Plaintiff made by Defendant all of which are expressly denied, are a fair use, including a nominative or descriptive fair use in connection with advertising or promotion and comparison that permits consumers to compare, and/or to identify goods or services and prices.

SEVENTH DEFENSE

*Fraud in Procurement of Trademark Registrations*

30. Defendant alleges that the Herman Miller, Inc.'s registrations were procured by fraud and by hiding information from the Patent and Trademark Office during the registration process.

31. In the examination of Plaintiff's alleged design registrations, the Patent and Trademark Office relied upon the representations and claims made by applicant Herman Miller, Inc., before it. These alleged trademarks were procured without sufficient evidence, in reliance upon Herman Miller, Inc.'s submissions for examination.

32. The alleged incontestable right to use the alleged mark was obtained fraudulently. Plaintiff, on information and belief, fraudulently procured registration of the now

| Case No.:  CV-08-3437- WHA | ANSWER OF ALPHAVILLE TO COMPLAINT and COUNTERCLAIMS |
|---|---|

allegedly incontestable design trade dress or mark not to indicate the source of goods, but to attempt to improperly secure a monopoly on similar lounge chair manufacturing using molded plywood, and for this reason among others, Defendant contends that the alleged registration is invalid.

33. Facts that were not told to the Patent and Trademark Office include, but are not limited to, that there was United States, Patent No 2,548,470, on the manufacture of the design.

34. Herman Miller, Inc. alleged, in order to obtain such trademarks, during its trademark registration process, that it has a license dated in or about 1951 from Eames for the designs, yet the designs are based on patents that have since expired, and with them the agreement's underlying patent rights also expired.

EIGHTH DEFENSE

*No Likelihood of Confusion*

35. There no likelihood of confusion created by any acts of Defendant because, *inter alia*,

    a.  The alleged marks and trade dress in the configuration of a chair is not a valid trademark as it is functional as alleged herein and cannot be confusingly similar as a product configuration since it functions as a chair among other reasons.

    b.  Persons in markets looking for Defendant's version of its alleged trade dress designs are not able to and are not looking to buy a chair in the price point of Plaintiff; while those interested in the chairs sold by entities other than Plaintiff's versions are in a different market, unrelated to those in Plaintiff's more limited and sophisticated market.

    c.  All the alleged Herman Miller, Inc. non-word (design) marks are common and usual in the public domain, and primarily in functional shapes or motifs.

| Case No.:  CV-08-3437- WHA | ANSWER OF ALPHAVILLE TO COMPLAINT and COUNTERCLAIMS |
| --- | --- |

d. Any alleged confusion is de minimus.

e. The marks identify the furniture designs, and are not identifying Herman Miller.

### NINTH DEFENSE

*No Unfair Competition*

*(15 U.S.C. §§ 1114(1), 1125(a); Cal. Bus. & Prof. Code §§ 17200 et seq.; California common law)*

36. Defendant Alphaville has not knowingly, willfully, or otherwise used in commerce or otherwise any colorable or any imitation of any kind of any valid or protectible alleged Lounge Chair and Ottoman designs or the name Eames as a trademark in connection with the sale, offering for sale, distribution, and advertising of any goods and/or services.

37. There is No Vicarious Liability of Alphaville for any use by third parties. Defendant Alphaville has not itself participated in the prohibited practice and this Answering Defendant has no control whatever over those alleged practices.

### TENTH DEFENSE

*Statute of Limitations*

38. The statute of limitations for Unfair Competition under Business & Prof. Code Section 17200 actions is four (4) years after accrual of the cause of action pursuant to Business & Professions Code §17208 and other applicable statutes.

39. All acts complained of against Alphaville, if any, all such acts being expressly denied, were going on or had accrued to Plaintiff if at all, prior to four years before Plaintiff filed this Action.

| Case No.:  CV-08-3437- WHA | ANSWER OF ALPHAVILLE TO COMPLAINT and COUNTERCLAIMS |
|---|---|

ELEVENTH DEFENSE

40. Plaintiff was aware of Defendant and/or others, or should have been aware of Defendant and/or others, using the alleged marks, and, having permitted such uses, cannot complaint of use by Defendant of such claimed marks and/or designs.

41. Such permission or tolerance has resulted in a loss of distinctiveness, genericness, and equitable defenses, which make it unfair, unjust and inequitable for the Plaintiff to now seek to enforce its rights against Defendant at this time.

## PRAYER to ANSWER OF ALPHAVILLE DESIGN, INC.

Wherefore, Defendant Alphaville Design, Inc., prays, based on its Answer, that:

1. The Plaintiff take nothing by reason of the Complaint and that the Defendant be awarded its costs of suit, attorney fees, and such other and further relief as this Court deems just and proper.

2. That this Court declare the trademark registrations of Herman Miller, Inc., are invalid, void and of no force and effect such that they are denied legal effect to protect any designs of furniture, against the acts of Defendant.

3. That Defendant Alphaville has not infringed any alleged trademarks or trade dress of Plaintiff,

4. That this Court declares the alleged trademark registrations of Herman Miller, Inc. should be cancelled.

5. That Defendant herein be awarded reasonable attorney fees and costs and

6. Such other and further relief as this Court deems just under the circumstances.

| Case No.:  CV-08-3437- WHA | ANSWER OF ALPHAVILLE TO COMPLAINT and COUNTERCLAIMS |
|---|---|

1

## *COUNTERCLAIMS*

2  40. Defendant-Counterclaim Plaintiff Alphaville Design, Inc., by its attorneys, for its

3  Counterclaims against Counterclaim Defendant Herman Miller, Inc., alleges:

4  ### JURISDICTION AND VENUE

5  41.  This is an action for violations of Sections 32 and 43 (a) of the Lanham Act, 15 U.S.C. §§

6  1114, 1125; for violations of Cal. Bus. & Prof. Code §§ 14247 and 17200; and for violation

7  of the common law of the State of California pertaining to unfair competition.

8  42. This Court has jurisdiction over the subject matter of these claims pursuant to 28 U.S.C. §

9  1338 and under principles of supplemental jurisdiction, 28 U.S.C. §1367(a). Venue is proper

10  in this judicial district pursuant to 28 U.S.C. § 1391.

11  ### THE PARTIES

12  43. Plaintiff, Alphaville Design, Inc, (hereinafter as Alphaville) is a corporation organized and

13  existing under the laws of the State of Delaware and authorized to do business in the State of

14  California with its principal place of business in this District at Fremont, California.

15  44. On information and belief, Herman Miller is a Michigan domestic profit corporation. On

16  information and belief,  Herman Miller has an office located at 855 East Main, Zeeland,

17  Michigan 49464.

18  ### FACTS COMMON TO ALL COUNTS

19  45. An actual controversy has arisen and now exists between the parties relating to the extent, if

20  any, that Herman Miller's alleged trademark and trade dress claims might create any

21  obligation of Alphaville to stop using any words or descriptions or to stop manufacturing

22  furniture of the middle 20th century genre, that is primarily functional, that there is no

23  copyright available for, and that is not identified by the public with Herman Miller.

24  46. Herman Miller alleges that it has the exclusive rights to make certain lines of designer

25  furniture and to exclude Plaintiff from making similar appearing furniture or to describe such

| Case No.:  CV-08-3437- WHA | ANSWER OF ALPHAVILLE TO COMPLAINT and COUNTERCLAIMS |
|---|---|

furniture. Alphaville makes all types of furniture including but not limited to leather and steel, tables with glass tops couches with leather cushions, barstools, and many others, and asserts it has a right, absent patent protection, to make such items and to distribute and sell them worldwide.

47. Alphaville seeks a determination of the legal rights and duties of Plaintiff and Defendant for which Plaintiff desires a declaration of its right to continue to make, sell and distribute the modern styles of furniture that have been in existence for many decades under many manufacturers and brands, and to identify and describe such furniture. Alphaville also seeks cancellation of the alleged Herman Miller trade dress, United States Trademark Registration No. 2,716,843, and alleged trademark Herman Miller Registration No. 1,187,673, for the EAMES® trademark. Herman Miller's alleged marks are invalid.

48. The alleged mark consists only of drawings of basic furniture designs as registered on the Principal Register.

49. The alleged trade dress No. 2,716,843 is only described as, "the mark consists of the configuration of a chair."

50. Herman Miller's registrations of drawing of product plans without any specifications or claim to word mark are not valid to protect the product design, shape, methods of manufacture, look, feel or materials. Herman Miller alleges it has trade dress in basic furniture designs such as including, but not limited to, "configuration of a chair," none of which can be protected, because among other reasons, the designs are not inherently distinctive and Plaintiff has no secondary meaning and they are primarily functional.

51. The Herman Miller registered marks are mere drawings of basic furniture. Herman Miller now claims these are trade dress and is using them to attempt to prevent all competition in furniture designs of the early and middle 20th Century modern era.

| Case No.: CV-08-3437- WHA | ANSWER OF ALPHAVILLE TO COMPLAINT and COUNTERCLAIMS |
| --- | --- |

52. Because of the foregoing, the trademarks and trade dress of Plaintiff are invalid and of not force or effect and should be cancelled.  The alleged common law and alleged contractual rights of Herman Miller are also invalid as any agreement with Eames expired when the underlying intellectual property rights, including, but not limited to, any patents, expired by operation of law.

53. Any agreements purporting to grant the use of the Eames name expired when the common and statutory law of the Right of Publicity expired either on the death of the Eameses or by operation of the laws of the state, if any, that such agreement is based on.

54. The Court is requested to provide a declaration that the marks and alleged trade dress of Plaintiff are invalid and unenforceable under statutory and common law.

## COUNT 1

## (For Declaratory Relief) Invalidity of Mark

55. Defendant and Counterclaim-Plaintiff realleges all of the allegations of Paragraphs 40 through 54 as though fully alleged herein and are incorporated herein by this reference.

56. As a result of the facts and circumstances set forth below, an actual justiciable controversy exists between Defendant and Counterclaim - Plaintiff with respect to the validity of Plaintiff's trademarks and trade dress claims and Defendant's alleged infringement of them.

57. A declaratory judgment is necessary in that Plaintiff contends, and Defendant denies, the validity and infringement and unfair competition herein alleged.

a)  The alleged trademarks are registered as mere drawings of designs for furniture.  Herman Miller is attempting to assert that these designs, though not covered by any valid current patents or copyrights, are trade dress, infinitely long, that may prevent others from making and using the designs whether or not they are branded "Eames."

| Case No.:  CV-08-3437- WHA | ANSWER OF ALPHAVILLE TO COMPLAINT and COUNTERCLAIMS |
| --- | --- |

b) Alphaville asserts that there are no valid current patents on the designs of Herman Miller's furniture and the allegations of Defendant accusing Plaintiff of violating the alleged trademarks do not amount to any design or trade dress that would constitute any violation of any of Herman Miller's alleged rights and not likely to cause confusion, deception or mistake.

c) Alphaville asserts that the trademark registrations claimed to be owned by Herman Miller are invalid attempts to circumvent the United States patent laws.

58.  The "Eames" design for lounge chair is generic in the public domain, is functional, and has been and is produced by many makers over decades so that the designs, consisting of a seat and back of leather, standard lounge chair mechanisms for tilt, swerve and height, and functional supports of generic wood backings, are not protectable, have come into the public domain and Herman Miller's trademarks were and are invalid and should be cancelled.

59. Since the alleged 1951 invention of the alleged trade dress lounge chair, many manufacturers have used and continue to use the same very basic furniture designs to produce a variety of sizes, shapes, colors and versions of the original decades-old designs.

60. Herman Miller in prior litigation in published decisions have been told by Courts that furniture manufacturers and sellers have a right to manufacture and sell the alleged lounge chair and ottoman, and that they may fairly use the "Eames" name as a descriptive reference only, so that since at least 2003 Herman Miller have been on notice that they may not prevent others from making and selling the goods, and Herman Miller's hands are unclean under law and equity in now enforcing such claims.

| Case No.:  CV-08-3437- WHA | ANSWER OF ALPHAVILLE TO COMPLAINT and COUNTERCLAIMS |
|---|---|

61. Upon information and belief, Herman Miller has settled other ligation and otherwise has permitted many others to manufacture and sell the alleged trade dress designed furniture and to continue to sell it in the United States.

62. Charles Eames, on information and belief, registered at least one patent on certain aspects of the alleged lounge chair, including, but not limited to, US Pat. No. 2,548,470 entitled "Laminated Splint" that describes a chair made of compressed molded plywood, filed in the USPTO that claims the function of a molded veneer wood chair as follows:

> "The chair is very light in weight and, at the same time, because of the almost unlimited configurations to which such chairs may be conformed, it gives the maximum comfort and freedom of movement necessary to use in such locations as, for example, in airplanes."

63.  Therefore, for the foregoing reasons and others, Alphaville requests a declaration that the Herman Miller trademarks are all invalid and unenforceable.

# COUNT 2

## Non infringement

64. Defendant and Counterclaim-Plaintiff realleges that allegations of Paragraphs 40 through 61 as though fully alleged herein and incorporated herein by this reference.

65. Alphaville has not infringed any valid trademark of Herman Miller as there is no likelihood of public confusion between any mark employed by Alphaville, and any valid mark or trade dress used or registered by Herman Miller.

66. Markets and customers of Alphaville lounge chair designs and markets and customers for the Herman Miller alleged lounge chair design and ottoman are different in that a purchaser of the Herman Miller goods is a sophisticated 'high-end' buyer who will not purchase or confuse the goods made or sold by Alphaville.

| Case No.:  CV-08-3437- WHA | ANSWER OF ALPHAVILLE TO COMPLAINT and COUNTERCLAIMS |
|---|---|

67. Alphaville lounge chair designs are not called "Eames."

68. Markets and customers for Alphaville are different from those for Herman Miller EAMES branded lounge chair and ottoman in that a purchaser of the Herman Miller goods intends to buy an original EAMES made by Herman Miller and is a sophisticated buyer at any price point for an alleged original, and would not be likely to purchase or confuse the goods made or sold by Alphaville. The price of Eames branded items is many times that of any made by third parties. No lounge chair sold by Alphaville is branded with "Herman Miller" or "Eames," but is sold under disclaimer statements that the Alphaville furniture is a reproduction and that the designs are not made by Herman Miller.

69. Upon information and belief, any alleged agreement claimed by Herman Miller only amounts to a quit claim to Herman Miller of any rights the Eames had to transfer; patents from 1951 would have expired by approximately 1966, and rights provided would thus have expired with the intellectual property.

## PRAYER

Defendant / Counterclaim-Plaintiff requests:

1.  Entry of Judgment providing:

    a)  That Plaintiff  Counterclaim-Defendant  Herman Miller is without a right or authority to threaten or to maintain suit against Defendant / Counterclaim-Plaintiff   for alleged infringement of trademarks.

    b)  That the trademarks and trade dress claims Trademark Registration No. 2,716,843 and Registration No. 1,187,673 and any others as pleaded are invalid, unenforceable, and void and not valid under common law;

    c)  That the court cancel the trademark registrations of Herman Miller;

| Case No.:  CV-08-3437- WHA | ANSWER OF ALPHAVILLE TO COMPLAINT and COUNTERCLAIMS |
|---|---|

d)  A declaration or order that the alleged trademarks and trade dress are not infringed by Defendant / Counterclaim-Plaintiff;

e)  That Defendant has engaged in acts of unfair competition against Defendant / Counterclaim-Plaintiff ;

f)  For the costs, expenses, and reasonable attorney's fees incurred by Defendant / Counterclaim-Plaintiff;

2.  Entry of a preliminary and permanent injunction enjoining Plaintiff, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with it who receive actual notice of the injunction from:

a)  Initiating infringement litigation or threatening litigation to Defendant's customers, dealers, agents, servants, or employees, or any prospective or present sellers, dealers, or users of Defendant / Counterclaim-Plaintiff's designer furniture, with infringement litigation, or charging any of them either verbally or in writing;

b)  That Herman Miller Cease engaging in acts of anticompetitive practices.

c)  That Herman Miller be ordered to lift and reverse any referrals to Customs Service and similar seizure processes if any made or filed against Defendant / Counterclaim-Plaintiff or any of its customers.

3.  For damages for acts that have occurred due to Herman Miller's threats and allegations, and

4.  All other relief that the Court may deem appropriate.

\\\
\\\
\\\
\\\

| Case No.:  CV-08-3437- WHA | ANSWER OF ALPHAVILLE TO COMPLAINT and COUNTERCLAIMS |
| --- | --- |

1

RESPECTFULLY SUBMITTED

2

Dated: August 28, 2008

3

4

_____

5

Philip R. Green, Attorney for:

6

Alphaville Design, Inc.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

| Case No.:  CV-08-3437- WHA | ANSWER OF ALPHAVILLE TO COMPLAINT and COUNTERCLAIMS |
|---|---|