IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMAN MILLER, INC, | No. C 08-03437 WHA |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND** |
| ALPHAVILLE DESIGN, INC; PERADIGM GALLERY, ALL WORLD FURNITURE INC.; and UNKNOWN CHINA COMPANY, | |
| Defendants. | |

**INTRODUCTION**

In this trade dress infringement action, plaintiff Herman Miller, Inc. moves for leave to amend its complaint. For the following reasons, plaintiff's motion is **GRANTED**.

**STATEMENT**

All well-pled allegations in the complaint are taken as true. Plaintiff Herman Miller is a manufacturer of office and home furniture. Designers Charles and Ray Eames have developed a working relationship with Herman Miller. Herman Miller has used the names "Eames," "Charles Eames," and "Ray Eames" in connection with furniture since 1951. On January 26, 1982, the United States Patent and Trademark Office issued Registration No. 1,187,673 for the EAMES trademark to Herman Miller. Herman Miller has a reputation for manufacturing and marketing contemporary furniture products, including chairs and other furniture with the EAMES trademark.

In 1956, Charles and Ray Eames designed the EAMES lounge chair and ottoman. The EAMES lounge chair and ottoman are the subject of protection of Trademark Registration No. 2,716,843, which provides Herman Miller with the right to use the design of the EAMES lounge chair in connection with furniture.

Yongfeng Furniture Co. Ltd allegedly manufactured knock-off EAMES lounge chairs and ottomans in China and transported them to Alphaville for sale in the United States. Yongfeng advertised the knock-off furniture as "Charles Eames Chair and Ottoman Set." Alphaville promoted its knock-off chairs and lounges in catalogues and trade shows and supplied them to retailers.

On November 14, 2008, plaintiff filed a motion for leave to amend the complaint. The motion was noticed for a hearing on January 8, 2009. Defendants filed an opposition on December 22, four days after the December 18 deadline. On December 23, plaintiff filed an objection to defendants late opposition to plaintiff's motion for leave to amend, and plaintiff requested that the opposition be stricken.

**ANALYSIS**

**1.  LEGAL STANDARD**

Leave to amend a complaint should be freely given when justice so requires under Rule 15(a). This standard is applied liberally. "In the absence of any apparent or declared reason — such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, etc. — the leave sought should, as the rules require, be "freely given."" *Foman v. Davis*, 371 U.S. 178, 182 ( 1962). "Leave to amend need not be granted when an amendment would be futile." *In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1097 (9th Cir. 2002).

**2.  OBJECTION AND REQUEST TO STRIKE OPPOSITION**

Plaintiff objects to defendants late opposition to plaintiff's motion for leave to amend. Plaintiff filed a motion for leave to amend the complaint on November 14, 2008. The motion was noticed for a hearing on January 8, 2008. The local rules require that "any opposition to a

2

motion must be served and filed not less than 21 days before the hearing date." L.R. 7-3(a). Accordingly, the due date for defendants' opposition was December 18, 2008. Defendants, however, waited until December 22, 2008, four days after the deadline, to file an opposition. Defendants have not acknowledged that their opposition was late, requested an extension of time to file, or explained any excusable neglect to justify their late opposition. Plaintiff's request for defendants untimely opposition to be stricken is **GRANTED**.[1]

### 2. AMENDMENTS

Plaintiff seeks to replace the defendant previously identified as "Unknown China Company" with Yongfeng Furniture Co. Ltd and to add additional supporting facts. Plaintiff seeks to add a claim for illegal importation under 15 U.S.C. 1124. Plaintiff has learned that Alphaville's product originates from Yongfeng in China. The Court previously told defendants to provide plaintiff with the identity of the Chinese company and told plaintiff to add the Chinese company in. (Dkt. 46). It appears that is what plaintiff now seeks to do.

Plaintiff also seeks to clarify that Herman Miller may elect to recover statutory damages because of the counterfeit nature of defendants' alleged knock-off furniture, pursuant to 15 U.S.C. 1117, to make minor language changes, and to correct minor typographical errors in the complaint. Plaintiff's motion for leave to amend is **GRANTED**.

### CONCLUSION

For the foregoing reasons, plaintiff's motion for leave to amend is **GRANTED**. The deadline for defendants to file an answer to the amended complaint is **FEBRUARY 4, 2009.**

**IT IS SO ORDERED.**

Dated: January 13, 2009

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

---

[1] In any event, defendants' opposition did not address the merits of plaintiff's motion for leave to amend.

3